GARTH, Appellant, *vs.* ROBARDS, Respondent.

1. A person who goes to California with the intention of returning, leaving his family and property in Missouri, although he may remain there engaged in business for several months, is not within the last clause of the seventh section of the second article of the statute of limitations. The operation of the statute is not suspended during his absence.

*Appeal from Hannibal Court of Common Pleas.*

This action was brought in April, 1853, to recover an unappropriated balance of money advanced by the plaintiff to the defendant in 1846, for the purchase of hemp on the plaintiff's account. The defendant, in his answer, denied the justice of the demand, and relied upon the statute of limitations.

At the trial before a jury, it appeared in evidence that in April, 1849, the defendant left Hannibal, his place of residence, for California, where he arrived in the winter of 1849–50. He remained there until October, 1850, and returned to Hannibal in January or February, 1851. During his stay in California, he was engaged part of the time in mining, and part of the time in keeping a provision store. In addition to much other real property in Hannibal, he left behind him a dwelling house, in which his family, consisting of a wife and several children, lived during his absence. There was evidence of declarations made by him before leaving of an intention to return.

The following instruction, numbered as the second, was given to the jury, among others :

" The court instructs the jury that, if they believe from the evidence that defendant, Robards, went to California in the spring of 1849, on a trading expedition, leaving his family in his own mansion house, their usual place of residence in this city, keeping house — his family consisting of wife and children — with a large amount of property, with the intention, when he left, to return as soon as he completed the object of his expedition, and did so return in the winter of 1850–51, his family continuing to keep house in said mansion house during the time of said absence, this did not destroy his residence here, and is not to be regarded in computing the said five years. But on the other hand, if they believe from the evidence that, after he reached California, he changed his intention and purpose, and intended to remain permanently and abide in California, then the time of his absence from Missouri shall not be taken into account, in considering the question whether it was five years from the time such cause of action accrued till suit was brought."

The plaintiff took a nonsuit and afterwards appealed.

Mr. *Broadhead*, for appellant. The evidence brings the defendant within the saving of the second clause of the seventh section of the second article of the statute of limitations. The object of that clause clearly is to prevent the statute from running during the time when the plaintiff has not a complete and easy remedy by the ordinary process of law. The ordinary process is a summons, which is served upon the defendant personally, or by leaving a copy at his " usual place of abode." In this case, it could not have been resorted to ; for it will not be pretended that the defendant's " usual place of abode" was in Missouri, whilst he was mining or selling provisions in California. The plaintiff was not obliged to resort to the extraordinary process of attachment, (1 Mo. Rep. 484.) The expression " depart from and reside out of the state" does not imply that the defendant should have established his *domicil* elsewhere. Domicil and residence are not synonomous terms. Two things must concur to constitute domicil ; first, residence ;

and secondly, the intention of making it the home of the party. (2 Story's Conflict of Laws, §44. 1 Vattel, 163. 2 Bouvier's Law Dic. 458.) The question of residence is one of fact and not of intention. (1 Wend. 43. 4 Wend. 602. 8 Wend. 134–40. 5 Pick. 231. 17 Id. 231. *Isham* v. *Gibbons*, 1 Bradford's Surrogate Rep. 70–84, cited 2 Am. Lead. Cases, (new ed.) p. 707. 1 Selden, 428. 19 Wendell, 11.)

There was no appearance for the respondent.

SCOTT, Judge, delivered the opinion of the court.

1. The only question presented here for our determination is that contained in the second instruction given by the court. That question is, whether the circumstances detailed in that instruction will prevent a bar by the statute of limitations, and bring a defendant within the last clause of the seventh section of the second article of the act prescribing the times of commencing actions, which enacts that if, after such cause of action shall have accrued, such person depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

We can see no reason why the statute should not run against the plaintiff under the circumstances of this case. All the ordinary process of the law authorized for the enforcement of demands was at his service. His writ, under our law, could have been served so as to warrant a general judgment, binding all the goods and chattels, lands and tenements of his debtor, and there was ample property to satisfy his demand. Under such a state of facts, there could not possibly exist any reason for preventing a bar of the statute, and we would not be warranted in inferring that the legislature designed to interpose any obstacle to its running.

The judgment is affirmed, the other judges concurring.