WM. D. MILLER, Respondent, *vs.* JNO. TYLER, Appellant.

1. *Limitations—Absence from the State—Change of residence by family.*—Where one departs from the State, leaving a residence therein, and afterwards his family abandon that dwelling place and remove to the house of a relative in another county, he will be held to have no usual place of abode within the State, where service may be had upon him, and under a proper construction of § 16, Art. II, of the Limitation law, the statute will cease to run in his favor.

*Appeal from Greene County Circuit Court.*

*E. L. Edwards & Son,* for Appellant.

*Massey, McAfee & Phelps,* for Respondent, cited, Johnson vs. Smith, 43 Mo., 499.

HOUGH, Judge, delivered the opinion of the court.

This was an action commenced in the Greene circuit court on the 9th day of February, 1870, to recover the value of certain wheat taken by the defendant from the plaintiff, on or about the 1st of December, 1861. The trial was by the court without the aid of a jury, and there was a finding and judgment for the plaintiff, and defendant brings the case here by appeal.

The material question presented by the record is, whether the plaintiff's action was barred by the statute of limitations. It appears from the testimony that the defendant left his home in Greene county about the 15th day of February, 1862, and was absent in the States of Arkansas and Texas until about the 15th day of May, 1865. In the latter part of February, 1862, his family removed from the farm on which they resided at the time he left them, and went to the house of his mother-in-law, in Lawrence county, where they remained until the year 1864, when they removed to Saline county, where they remained until May, 1865, and then returned with the defendant to Greene county. The foregoing facts are undisputed.

The sixteenth section of the limitation act, applicable to civil actions, provides that if after a cause of action shall have accrued against any person who is a resident of this State,

such person depart from and reside out of this State, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

In order to determine whether the statute of limitations ceased to run against the plaintiff during the time of defendant's absence, it is only necessary to ascertain whether during such absence the defendant was subject to the ordinary process of law in this State.

If during that time he could have been served so as to warrant a general judgment, the section of the statute cited above did not apply, and the plaintiff's action was barred. It is evident that process could not have been served upon the defendant so as to warrant a general judgment, unless he could have been served by leaving a copy of the petition and writ at his usual place of abode, with some member of his family over the age of fifteen years; and under the rule laid down in Tiller vs. Abernathy (37 Mo., 196) it must be held, that after the removal of the defendant's family from their residence in Greene county to the county of Lawrence, the defendant had no usual place of abode in this State, where process against him could be left, as provided by law, until his return to the State in 1865. This time must therefore be excluded in computing the period of the statutory bar.

Deducting this time, then, from the period which intervened between the day on which the cause of action accrued, and that on which the suit was instituted, and it will be seen that the time allowed by the statute to the plaintiff, in which to bring his suit, had not elapsed when his petition was filed.

It is claimed that the damages were excessive, but we think there was some testimony to support the finding, and in such cases we cannot interfere.

The judgment is affirmed. The other judges concur.