A. N. McLennan *et al.* v. Samuel Anspaugh.

No. 6.

1. Unincorporated Bank—*Liable as Partners—Case Followed.* The promoters and organizers of an unincorporated bank are liable as partners for debts contracted in the course of business. The case of *McLennan v. Hopkins*, just decided by this court, followed.

2. Evidence—*Bank Draft—Proof of Dishonor.* Where the gist of the plaintiff's cause of action, as stated in the petition, is the failure of defendants to pay, or provide for the payment of, a draft issued by the defendants as a bank, a recovery cannot be had without evidence to prove the dishonor of the draft.

Memorandum.—Error from Russell district court; W. G. Eastland, judge. Action by Samuel Anspaugh against A. N. McLennan, W. Z. Smith, W. F. Tompkins, Seymour Hutchinson and others to recover a balance due on draft issued by the Bank of Dorrance. Judgment for plaintiff. Defendants bring the case to this court. Reversed. The facts are stated in the opinion, filed October 9, 1895.

*Ira E. Lloyd,* for plaintiffs in error.

*Sutton & Dollison,* for defendant in error.

The opinion of the court was delivered by

Garver, J. : The petition alleges that the plaintiff, having a deposit of $702.91 in the Bank of Dorrance on the 22d day of April, 1889, gave a check for that sum to said bank and obtained therefor a draft in like amount, drawn by L. B. Hail, as cashier of said bank, payable to B. McAllaster, or order, on a Kansas City, Mo., bank, and that the draft was not paid. The petition admits the subsequent payment to the plaintiff of the sum of $350 on account of said indebtedness, and asks judgment against A. N. McLennan and

others as partners and owners of said bank. Judgment was rendered as prayed for.

The defendants filed a verified answer denying the allegation of partnership, and alleging that the Bank of Dorrance was a corporation, and that whatever business the plaintiff transacted with said bank was with it as an incorporated bank. A verified reply was filed denying the allegations of the answer.

The questions arising as to the attempted incorporation of the Bank of Dorrance, and the relations sustained by said defendants to said bank and to one another, are substantially the same as those considered and just decided by this court in the case of *McLennan v. Hopkins*. For the reason stated in the opinion filed in that case, we think whatever cause of action existed in favor of the plaintiff in this case was against the defendants as partners. The evidence fails to show any such condition of things as would make the Bank of Dorrance a *de facto* corporation, or estop this plaintiff from denying its existence as such.

We think, however, that the judgment rendered is without support from the evidence. Defendants' liability rests upon the non-payment of the draft. The only evidence introduced concerning it was that given by the plaintiff himself. He testified to the buying of the draft at the bank on the 22d day of April, 1889, from one L. B. Hail, who was acting as cashier; that the draft was drawn by Hail, as cashier, in favor of B. McAllaster, of Omaha, Neb., on said bank's correspondent bank at Kansas City, Mo.; that, at plaintiff's request, Hail put the draft in an envelope addressed to McAllaster at Omaha, and said he would mail it. The draft was intended as a payment due from Anspaugh to McAllaster on certain railroad-land contracts. There is no evidence tending to show what

became of the draft; whether it reached McAllaster, or whether it was ever presented to or paid by the bank on which it was drawn. The only evidence having any bearing whatever on the matter is the testimony of Anspaugh, giving a conversation which he had in January or February, 1890, with one E. M. Coleman, who was at that time acting as cashier of another newly incorporated "Bank of Dorrance." He states that, at that time, Coleman spoke of the draft and said : "We will pay it, or I will pay it, as soon as we can collect the money in for the notes of the old bank"; and either then, or soon after, Coleman paid him $200 that was collected from the notes of the old bank, and said as fast as they could collect the money they would pay their debts, but that they would have to collect the money that was owing to the old bank to pay their debts. This evidence was introduced over the objection of defendants. Coleman was not a party to the action, and there is no pretense of authority in him to speak for or to bind the defendants in this action. It was clearly incompetent.

Before a recovery can be had upon the allegations of the petition "that said draft never reached said McAllaster ; was never presented to or paid by the bank on which the same was drawn ; has never been paid by the defendants, or any or either of them ; and is now lost and wholly unpaid ; . . . that said Bank of Dorrance does not now have, and for a long time prior hereto has not had, any funds on deposit with the bank on which said draft was drawn, and has no means or provisions whatever with said bank at Kansas City, Mo., with which to pay said draft," there must be at least some evidence tending to prove some of such allegations. The last known of said draft it was intrusted to Hail to be forwarded to Mc-

Allaster.   Hail was thus made Anspaugh's agent, for there is nothing to show that it was any part of his duty as cashier to forward this draft, or to do an act which was for the mere accommodation of Anspaugh. The draft is, under the evidence, thus left in the hands of Anspaugh's agent.   The presumption, in the absence of evidence to the contrary, is that the draft was paid.   (*Watkins v. Parsons*, 13 Kan. 436.)

The judgment will be reversed, and the case remanded for a new trial.

All the Judges concurring.