Leah Lemoyne WILLIAMS,
Plaintiff-Appellant,

v.

George Mike MALONE,
Defendant-Respondent.

No. 11062.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 8, 1980.

Douglas M. Hamilton, Joplin, for plaintiff-appellant.

Max H. Glover, Glover, Tiede & Brown, Webb City, for defendant-respondent.

MAUS, Judge.

This is a case of first impression in Missouri. The question presented is whether or not a general statute of limitations § 516.-120(5) RSMo, V.A.M.S., which would otherwise be tolled under § 516.200 because of the defendant's absence is not tolled because the defendant was subject to personal service in another state under the long-arm statute, § 506.500.

By her petition the plaintiff seeks to recover actual and punitive damages by reason of allegedly fraudulent sales of corporate stock on December 11, 1967, December 26, 1967 and January 3, 1968. The petition was filed August 20, 1976. The answer denied the fraud and affirmatively alleged the action was barred by § 516.120(5). There was no reply. The defendant filed a motion for judgment on the pleadings. The deposition of the plaintiff was taken and filed. The circuit court thereafter sustained the motion and dismissed the action.

■ It seems the motion was not treated as a motion for judgment on the pleadings. The circuit court could have considered the question of whether or not the plaintiff was required to affirmatively plead an avoidance of the prima facie bar of the five year period of limitations. See *Kerber v. Rowe*, 348 Mo. 1125, 156 S.W.2d 925 (1941); *Foster v. Petree*, 347 Mo. 992, 149 S.W.2d 851 (1941); *Siler v. Kessinger*, 149 S.W.2d 890 (Mo.App.1941); *Bennett v. Metropolis Pub. Co.*, 148 S.W.2d 109 (Mo.App.1941). However, the transcript includes the plaintiff's deposition. The statement of facts in the plaintiff's brief, adopted by the defendant, includes facts established by the deposition. The cause has been briefed and argued as if the circuit court sustained the defendant's motion for summary judgment. The appeal will be considered on that basis. *Anderson v. Dyer*, 456 S.W.2d 808 (Mo.App.1970). Taken from the transcript and briefs the following is a summary of the facts established for the consideration of the motion.

The allegedly fraudulent sales were made in Missouri on December 11 and 26, 1967, and January 3, 1968. In the summer of 1968 the defendant moved and became a resident of Mississippi. From the summer of 1968 on the plaintiff knew the defendant's residence. Later in 1968 the plaintiff learned of the alleged fraud and first consulted an attorney. The petition was filed August 20, 1976. Service was had by personal service on the defendant in Mississippi under § 506.500. The plaintiff's sole point on appeal is that the action was improperly dismissed because the applicable statute of limitations, § 516.120(5), was tolled by § 516.200 in spite of the fact the Missouri court could acquire jurisdiction in personam of the defendant under § 506.500.

For reference § 516.120(5) provides: "Within five years: . . . (5) An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud." Section 516.200 provides: "If at any time when any cause of action herein specified accrues against any person who is a resi-dent of this state, and he is absent there-from, such action may be commenced within the times herein respectively limited, after the return of such person into the state; and if, after such cause of action shall have accrued, such person depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

Sections 506.500 to 506.520, as implemented by V.A.M.R. Civil Rules 54.06, 54.14, and 54.20, in general provide that by reason of specified acts or conduct of a defendant, a Missouri court can by out-of-state personal service acquire in personam jurisdiction of that defendant in regard to causes of action arising from such acts or conduct. The plaintiff concedes that method of service was available to her in regard to the pleaded causes of action.

■ Before reaching the principal question, an alternative contention of the defendant must be considered. He contends that under § 516.120(5) a cause of action for fraud shall be "deemed not to have accrued" until the discovery of the facts constituting the fraud. Therefore, since the defendant left Missouri before the facts were discovered, he left before the cause of action accrued and § 516.200 is not applicable. Obviously, it would be ironic if the statute was tolled against an individual who remained in and was subject to process in Missouri after his fraud was discovered and then left, but was not tolled against a defendant who managed to depart before his fraud was discovered. Such a result is not required. It is for the purpose of determining when the statute of limitations, § 516.-120(5), starts to run a cause of action for fraud is deemed to accrue when the facts are discovered. Generally speaking a cause of action accrues "at the time when a breach of duty has occurred". *Gruenewaelder v. Wintermann*, 360 S.W.2d 678, 690 (Mo.1962). Also see *State ex rel. Stifel, Nicolaus & Co., Inc. v. Clymer*, 522 S.W.2d 793 (Mo.banc 1975). This contention of the defendant is denied.

Primarily because of the differences in the statutes involved, the principal question has been presented to the courts of other states in a variety of contexts. Applicable annotations are found in 17 A.L.R.2d 502 and 55 A.L.R.3d 1158. Clearly distinguishable are those cases involving statutes tolling the applicable period of limitations when the defendant is absent from the state "so that personal service cannot be had upon such defendant" or with similar qualifications. By these very terms these tolling statutes are not applicable when there is a means of obtaining in personam jurisdiction of the defendant.[1]

A similar question has often been considered which involves the effect of an out-of-state defendant being subject to service under the provisions of a Non-resident Motorist Act. According to a recent count, this question has been presented in 32 states; of this number 27 states hold that an out-of-state defendant's amenability to such service of process suspends a tolling statute and 5 hold that it does not. *Tarter v. Insco*, 550 P.2d 905 (Wyo.1976), in which the cases are collected. Typical cases are *Wilson v. Kanter*, 328 So.2d 458 (Fla.App. 1976); *Carter v. Kretschmer*, 2 Kan.App. 271, 577 P.2d 1211 (1978); *Bolduc v. Richards*, 101 N.H. 303, 142 A.2d 156 (1958); and *Benally v. Pigman*, 78 N.M. 189, 429 P.2d 648 (1967). The plaintiff attempts to distinguish such cases on the basis that Non-resident Motorist Acts almost uniformly provide service may be had upon a statutory agent in the state and the statute under consideration requires personal service in another state. Such a distinction does not militate against the rationale of those cases holding the statute is not tolled. See *Summerrise v. Stephens*, 75 Wash.2d 808, 454 P.2d 224 (1969).

The question posed in this case where the long-arm statute provides only for personal service in another state has been considered in other jurisdictions. Holding that the statute of limitations is not tolled are

*Blankenship v. Myers*, 97 Idaho 356, 544 P.2d 314 (1975); *State ex rel. McGhee v. District Ct. of Sixteenth J.D.*, 162 Mont. 31, 508 P.2d 130 (1973); and *Summerrise v. Stephens*, supra. Holding that it is tolled are *Duke University v. Chestnut*, 28 N.C. App. 568, 221 S.E.2d 895 (1976); and *Dicker v. Binkley*, 555 S.W.2d 495 (Tex.Civ.App. 1977). The decisions holding that the amenability of a defendant to in personam jurisdiction, by service under a Non-resident Motorist Act or by out-of-state personal service prevents the tolling of the statute, have been based on a variety of legal theories. "The same result is reached, whether it be said, as by the New Mexico court (*Benally v. Pigman, supra*), that 'the tolling statute was not applicable under these circumstances,' or by the New Hampshire court (*Bolduc v. Richards, supra*), that the long-arm statute is a 'pro tanto repeal' of the tolling statute, or by the Vermont court (*Reed v. Rosenfield*, 115 Vt. 76, 51 A.2d 189, *supra*), that the purpose of the tolling statute has been served when the long-arm statute brings the defendants in certain cases within the personam jurisdiction of the court, and tolling statutes will not be permitted to conflict with the primary purpose of the statute of limitations, 'namely the speedy adjudication of the respective rights of the parties in cases to which it applies.'" *Summerrise v. Stephens*, supra, 454 P.2d at 228.

As stated, the precise question in this case has not been directly decided in Missouri. However, there is precedent from which guidance can be drawn. *Haver v. Bassett*, 287 S.W.2d 342 (Mo.App.1956) involved the effect of the Non-resident Motorist Act upon the then statute of limitations pertaining to an action for wrongful death. The case might be distinguished because the latter statute did provide the period of limitations would be tolled when the defendant was absent "so that personal service cannot be had upon such defendant in the state . . . ." § 537.100 RSMo

1. The statutes of three states are discussed in *Duke v. Housen*, 589 P.2d 334 (Wyo.1979), appeal pending.

1949.[2] However, in holding the statute was not tolled the court relied upon the rationale that has been applied in cases where even though the defendant was absent from the state in personam jurisdiction could be acquired by in-state service upon a member of his family at his residence. *Fidelity & Deposit Co. of Maryland v. Boundy,* 236 Mo.App. 656, 158 S.W.2d 243 (1942). That rationale is: "Under such circumstances, the reason for suspending the statute of limitations does not exist". *Haver v. Bassett,* supra, 287 S.W.2d at 345.

■ It is true as the plaintiff points out, that by its terms the tolling statute, § 516.200, is applicable when a resident is absent from the state or when he departs out of the state and resides elsewhere. However, in the construction of a statute its purpose should be considered. *Corder v. Corder,* 546 S.W.2d 798 (Mo.App.1977). The basic policy of the law as expressed in the statute of limitations is that causes of action are to be presented before memories fade and evidence becomes obscure. "The evil results of long delay are too obvious to require recitation." *Summerrise v. Stephens,* supra, 454 P.2d at 227. The purpose of the tolling statute is to prevent the applicable statute of limitations from running when the courts of this state cannot acquire effective jurisdiction of the defendant. When delay is not necessary for that purpose, the "reason for suspending the statute of limitations does not exist." *Haver v. Bassett,* supra, 287 S.W.2d at 345. To hold otherwise would permit a party in the position of the plaintiff, at his or her option, to postpone the presentation of a claim for an indefinite period. The tolling statute must be construed to be applicable only when a reason for suspending the statute of limitations exists.

The holding in this case is limited to facts like the instant case. This court is aware that no court in Missouri has any control over the out-of-state personnel whose services are necessary to effectuate out-of-state personal service under § 506.500 to § 506.-520 and Rules 54.06, 54.14, and 54.20. The court is further aware of the fact that in some instances such personnel unfortunately will not perform those services. It is only suggested that in such circumstances and where the plaintiff pleads and proves such facts, a determination must be made of the necessity for tolling the statute of limitations.[3] Likewise, there may be circumstances where the plaintiff with reasonable diligence cannot locate the defendant. The court does not reach the question of tolling under such circumstances. Nor is the court presented a situation where § 516.280 need be considered.[4]

The judgment is affirmed.

HOGAN, J., concurring.

BILLINGS, P. J., dissenting in separate opinion.

BILLINGS, Presiding Judge, (dissenting).

The principal opinion creates a judicial-made exception to the plain and unambiguous terms of the tolling statute, § 516.200. I do not believe it to be a proper function of the courts to legislate by reading such an exception into the statute. If the General Assembly desires to provide for such an exception the statute can be readily amended. In the absence of such an amendment, I would apply the statute as written and hold the tolling provisions therein applicable to the instant case.

2. Similar language was involved in *Edmonsond v. Lakeside Hospital Ass'n,* 562 S.W.2d 361 (Mo.banc 1978).

3. See *Walsh v. Orgorzalek,* 372 Mass. 271, 361 N.E.2d 1247 (1977).

4. Similar questions may also be presented in a case arising under the Non-resident Motorist Act, § 506.200 to § 506.320 so long as the filing of the signed return receipt or refusal is required for a Missouri court to acquire jurisdiction. *Parker v. Bound,* 330 S.W.2d 121 (Mo. banc 1959); *State ex rel. Lesliy v. Aronson,* 362 S.W.2d 61 (Mo.App.1962).