Minette Grunik BETHKE, Respondent,

v.

Gundolf John BETHKE, Appellant.

No. 48002.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Application to Transfer Denied
Oct. 9, 1984.

| | |
|---|---|
| Troy, Michigan | from 11/68 to 11/70 |
| Munich, West Germany | from 11/70 to 8/76 |
| Cedar Falls, Iowa | from 8/76 to present |

On November 24, 1982, respondent filed an application for a writ of scire facias, alleging that the appellant had failed to pay all alimony, child support, and hospitalization insurance premiums due since October of 1970. In that application, respondent prayed that the writ be issued to revive those obligations which fell due after appellant's payments had ceased, in accordance with § 511.370, RSMo (1978). The statute reads:

> The plaintiff or his legal representative may, at any time within ten years, sue out a scire facias to revive a judgment and lien; but after the expiration of ten years from the rendition of the judgment, no scire facias shall issue.

The writ was issued and returned executed by the sheriff of Black Hawk County, Iowa. Thereafter respondent filed her motion for summary judgment for revival of judgment. In her motion, respondent alleged that, "In November of 1968, defendant departed from this state of Missouri, and ever since November of 1968, and including the present, has resided out of this state. In support thereof, plaintiff submits plaintiff's interrogatories 3 and 4, and defendant's answers thereto." This allegation reflects respondent's recognition of the statutory limitation placed upon an action to revive judgment, as provided in § 511.370, RSMo (1978). It also reflects, however, her assertion that the period of limitation was tolled by the provisions of § 516.200, RSMo (Supp.1983). That statute states:

> If at any time when any cause of action herein specified accrues against any person who is a resident of this state, and he is absent therefrom, such action may be commenced within the times herein respectively limited, after the return of such person into the state; *and if, after such cause of action shall have accrued, such person depart from and reside out of this state, the time of his absence shall not be deemed or taken as*

Peter Tadeusz Sadowski, St. Louis, for appellant.

James A. Stemmler, St. Louis, for respondent.

CRANDALL, Judge.

This is an appeal from a grant of summary judgment, which revived certain monetary obligations arising from a divorce decree entered in 1967. Appellant, Gundolf John Bethke, now claims that the trial court erred in granting summary judgment in favor of his former wife, Minette Grunik Bethke, respondent herein. We reverse and remand.

The parties were divorced on November 20, 1967. Under the decree, appellant was obligated to pay alimony in gross, child support, and hospitalization insurance premiums for the parties' minor child. In November of 1968, appellant moved from the State of Missouri and resided in the following places:

*any part of the time limited for the commencement of such action.* (Emphasis added.)

In opposition to respondent's motion, the appellant submitted his affidavit which contained the following averments:

1. I am the defendant in the above styled action.

2. I have ceased to be a resident of Missouri in November of 1970 and have not been a resident of Missouri since that date.

3. I have not absconded, concealed myself, or falsely and fraudulently lead Plaintiff herein to believe that a revival of the judgment in this cause would be fruitless and I have not engaged in any improper acts which may have prevented the prior commencement of these proceedings.

4. I believe that, at all times relevant herein, and since October 15, 1970 Plaintiff knew or could have ascertained the address of my new residence.

An affidavit filed by respondent did not controvert the averments contained in appellant's affidavit.

On October 7, 1983, the trial court granted respondent's motion for summary judgment and revived the judgment.

It is clear from the record before this court that summary judgment was granted on the premise that appellant's absence from this state tolled the running of the period of limitation as prescribed by § 511.-370, RSMo (1978). Yet that issue alone is not dispositive of this case.

Summary judgment cannot be granted if genuine issues of fact exist. *Union Electric Co. v. Clayton Center Limited,* 634 S.W.2d 261, 263 (Mo.App.1982). In determining whether there is a genuine issue of fact, the court is required to consider all of the pleadings, depositions, admissions and affidavits filed by the parties. *Barnes v. York,* 526 S.W.2d 404, 406 (Mo.App.1975). A review of the record in this case leads us to the conclusion that at least two genuine issues of fact exist sufficient to preclude the grant of summary judgment.

Personal service on the judgment debtor is necessary in order for a revival to bar the presumption of payment of § 516.-350, RSMo (Supp.1983). *Schmidt v. Schmidt,* 617 S.W.2d 601, 606 (Mo.App. 1981). The mere fact that appellant was absent from Missouri from 1968 to the present does not answer the question of whether the ten-year limitation on an action to revive judgment is tolled by the absence. A general statute of limitation is not tolled under § 516.200, RSMo (Supp.1983) when the defendant is subject to personal service in another state under the Missouri long-arm statute. § 506.500, RSMo (1978); *Williams v. Malone,* 592 S.W.2d 879 (Mo.App. 1980). In the present case, we are not dealing with the long-arm statute but rather Rule 54.06, which provides that:

(b) Service sufficient to authorize a general judgment in personam may be obtained on any person, his executor, administrator or other legal representative, whether or not a citizen or resident of this state, who has lived in lawful marriage within this state, as to all civil actions for dissolution of marriage or for legal separation and all obligations arising for maintenance of a spouse, support of any child of the marriage, attorneys fees, suit money, or disposition of marital property, if the other party to the lawful marriage continues to live in this state.

Yet the policy behind the holding of *Malone* allows for an extension of its application. When a defendant is subject to personal service in another state, the period of limitation for the commencement of an action is not tolled by § 516.200, RSMo (Supp. 1983). The question, then, is whether appellant was subject to personal service while he was residing out of the State of Missouri.

First, Rule 54.06 makes it clear that the appellant could have been personally served during the time that he was absent from Missouri but still residing within the United States. Respondent apparently recognized that appellant was subject to per-

sonal service in another state, since she served him in this action in the State of Iowa. Yet the question remains whether appellant absconded or concealed himself or otherwise acted improperly while in the United States so as to prevent the commencement of this action and therefore trigger the tolling provisions of § 516.280, RSMo (1978). *See e.g. Schmidt v. Schmidt*, 617 S.W.2d at 606.

In her original application respondent alleged that, "the defendant absconded, concealed himself ... preventing the prior commencement of these proceedings." Appellant's affidavit filed in opposition to respondent's motion for summary judgment contains contrary averments. Appellant's affidavit on that issue does not "set forth such facts as would be admissible in evidence" as required by Rule 74.04(e) to support the conclusions stated therein. We therefore disregard those portions of the affidavit. *First National Bank of St. Charles v. Chemical Products, Inc.*, 637 S.W.2d 373, 376 n. 8 (Mo.App.1982). We hold that the trial court erred in its grant of summary judgment because a genuine issue of fact exists as to the applicability of § 516.280, RSMo (1978) to this action.

We next consider the five-year and eight-month period of time during which appellant resided in Munich, West Germany. If appellant could not have been personally served in West Germany, that period of time is sufficient to toll the ten-year period of limitation of § 511.370, RSMo (1978). Whether personal service was possible depends on certain provisions of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, 20 U.S.T. 361–367, a treaty to which the United States and West Germany are bound. Article 8 of that treaty clearly allows service of process upon a *national* of the State in which the documents originate. It is uncontradicted that appellant was a "national" of the United States for the purpose of Article 8. Although service of process in this action was possible while appellant resided in West Germany, Article 1 of that treaty provides that, "This Convention shall not apply where the address of the

person to be served with the document is not known." Respondent's knowledge of appellant's address in West Germany during the period of time in question is therefore critical. This again is a fact question sufficient to preclude the grant of summary judgment.

We hold that the trial court erred in granting respondent's motion for summary judgment and reviving the entire judgment sought by respondent. We therefore reverse and remand. In view of our holding, we do not address other issues raised by the parties in this appeal regarding the applicability of § 516.350, RSMo (Supp. 1983) to this action.

KAROHL, P.J., and REINHARD, J., concur.