Harold M. POLING, Appellant,

v.

S.K. MOITRA, M.D., Respondent.

No. 67917.

Supreme Court of Missouri,
En Banc.

Oct. 14, 1986.

Keith W. Hicklin, Memphis, for appellant.

Hamp Ford, Columbia, for respondent.

BILLINGS, Judge.

The Missouri Court of Appeals, Eastern District, transferred this case so this Court could determine whether the statute of limitations on medical malpractice claims, § 516.105, RSMo 1978, bars such a claim against a physician who left Missouri to reside in another state, or whether the tolling provisions of § 516.200, RSMo 1978, are applicable even though the physician remained subject to personal service and personal judgment under Missouri's long-arm statutes (§§ 506.500, 506.510 and 506.-520, RSMo 1978). This Court holds that § 516.200 tolls the statute of limitations in this case and we reverse and remand.

Defendant Moitra, a physician, performed two operations on plaintiff Poling in September 1980 at Memphis, Missouri. Defendant ceased his treatment of plaintiff in October 1980. In June 1981 defendant moved to Pennsylvania and has resided there since. Plaintiff filed a medical malpractice action against defendant in March, 1983. The defendant raised as an affirmative defense the two-year statute of limitations on medical malpractice claims provided in § 516.105. In response, plaintiff averred that under § 516.200 the statute of limitations has been tolled because of defendant's absence from Missouri since June 1981.

 The trial court found plaintiff's claim against the defendant was barred by the statute of limitations. The Eastern District affirmed, but, as previously mentioned, transferred the cause here. Mo. const. art. V, § 10.

The tolling statute, § 516.200, states: If at any time when any cause of action herein specified accrues against any person who is a resident of this state and he is absent therefrom, such action may be commenced within the times herein respectively limited after the return of such person into the state; and *if, after such cause of action shall have accrued, such person depart from and reside out of this state, the time of his absence*

*shall not be deemed or taken as any part of the time limited for the commencement of such action.* (Emphasis added.)

The first clause of § 516.200 is inapplicable here since defendant was not absent from Missouri when the cause of action allegedly accrued. *See Miller v. Duhart,* 637 S.W.2d 183, 188–90 (Mo.App.1982) (medical malpractice cause of action accrues on date of the act of neglect complained of). The second clause, however, is literally applicable to the facts of this case because defendant was a Missouri resident when the cause of action allegedly accrued against him and he has since departed from Missouri to reside out of the state.

Defendant, relying on *Williams v. Malone,* 592 S.W.2d 879 (Mo.App.1980), contends that § 516.200 should not be applied literally. In *Williams,* a case involving an issue substantially identical to the one in this case, the Southern District found that the purpose of § 516.200 is to toll the applicable statute of limitations during times when the courts of this state cannot acquire jurisdiction over an absent defendant. *Id.* at 882. The court held that where an absent defendant is subject to personal service by Missouri courts under Missouri's long-arm statute, § 506.500, the tolling statute should not be applied because to do so would not further its purpose. *Id.* See also *Bethke v. Bethke,* 676 S.W.2d 46, 48–49 (Mo.App.1984) (§ 516.200 not applicable where personal service can be had under Rule 54.06); *Haver v. Bassett,* 287 S.W.2d 342, 345 (Mo.App.1956) (provision requiring tolling of statute of limitations in wrongful death cases during absence of the defendant from the state not applicable where personal service can be had under non-resident motorist statute). Since defendant was amenable to personal service by Missouri courts subsequent to his removal to Pennsylvania pursuant to the provisions of the long-arm statute, he argues that the *Williams* reasoning should be followed in this case and that § 516.200 should not apply. The instant suit, defendant con-

cludes, should be barred by the statute of limitations.

This Court declines to adopt the reasoning expressed in *Williams*. The tolling provisions of § 516.200 are clear, unequivocal, and free of ambiguity. The statute admits of no exception and the Court should not engraft one by judicial legislation. If the legislature intended to make the statute impotent in cases where an absent defendant can be sued via the long-arm statute, it could have expressly done so. For the Court to so construe § 516.200 would be plain judicial legislation. *See Seeley v. Expert, Inc.*, 26 Ohio St.2d 61, 269 N.E.2d 121 (1971). Amendment of the statute should be left to the General Assembly.

 Further, interpreting § 516.200 as not applying when the absent defendant can be served would essentially repeal that section because of the broad reach of Missouri's long-arm statute. *See State ex rel. Deere and Co. v. Pinnel*, 454 S.W.2d 889, 892 (Mo.banc 1970) (long-arm statute extends to the extent permissible under the due process clause of the Fourteenth Amendment of the Constitution of the United States). Repeals by implications are not favored. Unless two statutes are irreconcilably inconsistent, both must stand. *Kansas City Terminal Railway Co. v. Industrial Commission*, 396 S.W.2d 678, 683 (Mo.1965). There is no conflict between § 516.200 and the long-arm statute, and the former must be given effect according to its terms.

Practical concerns also justify a literal interpretation of § 516.200. Obtaining non-defective service under a long-arm statute is difficult, both with respect to finding the out-of-state defendant and in getting the authorities to serve the defendant when he is found. The *Williams* decision recognized these problems and suggested the trial court might grant relief on pleadings and proof. The General Assembly, though, may have very well considered such difficulties of out-of-state service itself at the time it enacted the long-arm statute and have justifiably determined that it would be inequitable to amend § 516.200 to require a plaintiff to chase the defendant into another state in order to avoid the bar of the statute of limitations. Thus, the General Assembly may have intended that enactment of the long-arm statute should not disturb the literal application of § 516.200.

Our decision to give a literal interpretation to § 516.200 is not in conflict with *Garth v. Robards*, 20 Mo. 523, 525 (1855), wherein it was held that the predecessor of § 516.200 did not apply where an absent defendant could be served so as to warrant a general judgment. At the time *Garth* was decided, Missouri had no long-arm statute. Rather the only means by which an out-of-state defendant could be served then was under the predecessor to § 506.-150, RSMo Supp. 1985. With respect to the applicability of § 516.200, service under the long-arm statute and service under § 506.-150 are not analogous. Section 506.150 permits service upon a defendant, if his usual place of abode is in Missouri, by leaving a copy of the summons there with a member of his family. Since a person's usual place of abode is his residence, service can be had under § 506.150 only upon absent defendants who remain Missouri residents. The second clause of § 516.200 states that a statute of limitations will toll when the defendant departs from and resides out of the state. Thus this clause is inapplicable by its own terms in those cases where an absent defendant remains a Missouri resident and hence is subject to service under § 506.150.

In *Garth*, the defendant, a resident of Hannibal, went to California and was gone for about one and one-half years. He had expressed his intention to return to Hannibal where he had property, and a dwelling house where his wife and children continued to reside during his absence. Because the defendant maintained a residence in Missouri where he could have been served by ordinary process under the predecessor to § 506.150, the tolling statute was held not to apply. 20 Mo. at 523–25.

On the other hand, service under a long-arm statute can be had upon non-residents.

But the second clause of § 516.200 literally does apply in those cases in which the absent defendant is no longer a Missouri resident, regardless of whether service can be had under the long-arm statute. Thus, the precise holding in *Garth* can be harmonized with the express terms of § 516.-200; but a holding that § 516.200 is inapplicable where an absent non-resident defendant is amenable to service under a long-arm statute cannot be so harmonized. This distinction in the application of the tolling statute based upon an absent defendant's status as resident or non-resident has been alluded to before. The Court in *Laughlin v. Laughlin,* 291 Mo. 472, 489, 237 S.W.2d 1024, 1028 (banc 1922) stated: "The defendant *removed permanently* from the State.... After that time the Statute of Limitations ceased to run under any circumstances." (Emphasis added.)

Here, the defendant moved to Pennsylvania within a year of his alleged malpractice and has lived there since that time. Due to his departure from and residence outside of Missouri, the statute of limitations on the medical malpractice claim against him has tolled pursuant to § 516.200 and plaintiff's suit is not barred.

The judgment is reversed and the cause remanded for further proceedings.

HIGGINS, C.J., ROBERTSON and RENDLEN, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

DONNELLY and WELLIVER, JJ., dissent and concur in separate dissenting opinion of BLACKMAR, J.

BLACKMAR, Judge, dissenting.

I dissent, substantially for the reasons advanced by Judge Maus in *Williams v. Malone,* 592 S.W.2d 879 (Mo.App.1980), which, as the principal opinion states, involved an issue "substantially identical to the one in this case."

The obvious purpose of § 516.200, RSMo 1978, was to provide relief for a plaintiff who sought to sue a defendant who was not available for service of process so that a personal judgment could be rendered. In two early cases, *Garth v. Robards,* 20 Mo. 523 (1855) and *Miller v. Tyler,* 61 Mo. 401 (1875), the Court declined to apply the strict letter of a predecessor of 516.200, containing language which was operatively identical, when a defendant had absented himself from the state but remained a resident so that service could be made on him by delivering a copy of the summons and petition to a member of his household.

I would not reject a holding that the "longarm" statute, § 506.500, RSMo Supp. 1984, and § 506.510, RSMo 1978, which authorizes a personal judgment (§ 516.520) had the effect of repealing § 516.200 by implication. The purpose of the latter is evident, as shown by *Garth v. Robards, supra.* There is no reason for perpetuating it as to a defendant who may be subjected to personal judgment in Missouri. The legislature does not always consult the entire body of statutory law before taking action. Even though repeals by implication are not favored, they may be found when the legislative purpose is evident.

The principal opinion comments on the difficulties sometimes encountered in making a personal service outside the jurisdiction. I fail to see the pertinence of this argument. By Rule 53.01, "a civil action is commenced by filing a petition with the court." By Rule 54.01, the clerk may issue such separate and additional summons as the plaintiff shall request. The statute of limitations is interrupted by the filing of suit. Delay in service of process is not a factor in the statute of limitations, at least so long as the plaintiff uses due diligence in obtaining service.

By the holding in the principal opinion, the plaintiff may delay filing suit indefinitely, so long as the defendant remains outside the state. I do not believe that this was what was intended by the legislature when it adopted a statute giving the plaintiff the right to longarm service.

I would affirm the judgment.