Carlos DUPREE, et al., Appellants,

v.

ZENITH GOLDLINE PHARMACEUTICALS, INC., Respondent.

No. SC 83890.

Supreme Court of Missouri, En Banc.

Jan. 8, 2002.

---

DUANE BENTON, Judge.

The family of Debra R. Pankins sued a doctor and two hospitals for her wrongful death and the deaths of her unborn twins—allegedly caused by negligent administration of the drug, methyldopa. In 1999—over three years after the cause accrued—the family sought to add the drug's manufacturer, Zenith Goldline Pharmaceuticals, Inc. Zenith, a Florida corporation, regularly conducts business in Missouri, but is not licensed here.

Zenith moved to dismiss invoking section 537.100,[1] the statute of limitations for wrongful death. The circuit court dismissed Zenith, certifying its judgment under Rule 74.01(b). The family appeals. The Court of Appeals transferred the case to this Court, citing the general interest and importance of the issues. *Mo. Const. art V., section 10.* Affirmed.

## I.

If the circuit court dismisses based on the statute of limitations, this Court reviews whether the face of the petition clearly establishes the affirmative defense. *Sheehan v. Sheehan,* 901 S.W.2d 57, 59 (Mo. banc 1995). The petition is construed liberally, treating all facts alleged as true and construing allegations favorably to the plaintiff. *Id.*

The statute of limitations for wrongful death is three years:

> provided, that if any defendant, whether a resident or nonresident of the state at the time any such cause of action accrues, shall then or thereafter be absent or depart from the state, *so that personal service cannot be had upon such defendant in the state* in any such action heretofore or hereafter accruing, the time during which such defendant is so absent from the state shall not be

Richard G. Byrd, St. Louis, for Appellants.

G. Keith Phoenix, Carl J. Geraci, St. Louis, for Respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Alana M. Barragan-Scott, Asst. Atty. Gen., Jefferson City, for Amicus Curiae.

---

1. All statutory references are to RSMo 1994.

deemed or taken as any part of the time limited for the commencement of such action against him. . . .

Section 537.100 (emphasis added).

The family argues that personal service could not be had "in the state" because Zenith has never had a registered agent in Missouri. Zenith counters that personal service could be had under the long-arm statute, section 506.510 (emphasis added):

> Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in section 506.500, may be made ... upon a corporation by serving the process upon a managing officer or any person or corporation who shall be designated as a registered agent by such corporation in any of the several states, and *shall have the same force and effect as though the process had been served within this state.*

■ This statute allows a foreign corporation to be served in "any" state assuming—sufficient contacts for jurisdiction. See *section 506.500.* Such service has "the same force and effect as though the process had been served *within this state.*" *Section 506.510* (emphasis added). Service of process on a foreign corporation under the long-arm statute is "in the state" for purposes of section 537.100.

The family objects that this holding renders meaningless the tolling provision of 537.100 because the long-arm statute covers most causes of action against non-residents. See *sections 506.500–506.520; State ex rel. Deere and Co. v. Pinnell,* 454 S.W.2d 889, 892 (Mo. banc 1970).

The family misreads section 537.100. Its limitation period is tolled when any defendant is absent from the state "so that" personal service cannot be had upon the defendant in this state. The connector "so that" means that the absence must make service impracticable. Thus, if the defendant's absence practically prevents service of process, the statute of limitations does not run, and the tolling provision is triggered. In this case, the family does not allege on the face of the petition that Zenith's absence prevented service of process.

■ The family relies on *Poling v. Moitra* for the proposition that a statute of limitations is tolled even if service can be had under the long-arm statute. 717 S.W.2d 520 (Mo. banc 1986). However, section 537.100 was not at issue in *Poling,* which was controlled by the specific language of section 516.200. *Id.* at 522. Section 516.200 does not apply to wrongful death actions, such as the family brings here. *Frazee v. Partney,* 314 S.W.2d 915, 918 (Mo.1958). Section 516.200 does not apply to entities, such as Zenith, that are nonresidents at all relevant times. See, e.g., *Thomas v. Black,* 22 Mo. 330, 332 (1856); *Ahearn v. Lafayette Pharmacal, Inc.,* 729 S.W.2d 501, 504 (Mo.App.1987).

Most important, section 516.200 "admits of no exception." *Poling,* 717 S.W.2d at 522. Section 537.100, on the other hand, has exceptions: The defendant's absence from the state does not toll the statute of limitations if service can be had in this state. See *Haver v. Bassett,* 287 S.W.2d 342, 345–46 (Mo.App.1956). On the facts alleged in this case, service can be had in this state under the long-arm statute.

## II.

■ The family raised, in the brief before the Court of Appeals, only the argument addressed in Part I. In this Court, the family seeks to assert three new points of error. On transfer to this Court, appellants may not add new claims. *Blackstock v. Kohn,* 994 S.W.2d 947, 953 (Mo. banc 1999) (citing *Rule 83.08(b)*). The family's new points are not considered.

III.

The judgment of the circuit court is affirmed.

All concur.