# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2377/2456

_____

| | | |
|---|---|---|
| Daniel Rademeyer; | * | |
| State of Missouri, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Michael R. Farris, | * | District of Missouri. |
| | * | |
| Appellee. | * | |

_____

Submitted: January 14, 2002

Filed: March 13, 2002

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Daniel Rademeyer was a shareholder in MRF, Inc., a medical technology company in which Michael Farris owned a majority of the stock. After Mr. Farris purchased all the shares of the minority shareholders and sold MRF, Mr. Rademeyer sued him claiming fraud and breach of fiduciary duty. Mr. Rademeyer alleged that Mr. Farris had concealed the true value of MRF and had failed to disclose that, at the time of buy-back negotiations with the minority shareholders, he had received an offer from LaserSight to sell MRF for a higher price per share than the price that he offered (and ultimately paid) the minority shareholders for their shares. Shortly after

purchasing the minority shareholders' interests, Mr. Farris sold MRF to LaserSight at a higher price per share than he had paid to the shareholders.

The district court, noting that the Missouri statute of limitations on claims for common-law fraud and breach of fiduciary duty is five years, held the claims time barred and granted Mr. Farris's motion for summary judgment. *See Rademeyer v. Farris*, 145 F. Supp. 2d 1096, 1102, 1106-07 (E.D. Mo. 2001). We reverse in part and affirm in part.

## I.

We review grants of summary judgment *de novo*, applying the same standards as the district court. *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997). "Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Clark v. Kellogg Co.*, 205 F.3d 1079, 1082 (8th Cir. 2000); *see* Fed. R. Civ. P. 56(c). A federal district court sitting in diversity is required to apply the law of the state in which it is located when ruling on matters of limitations. *Nettles v. American Telephone & Telegraph Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995). Missouri is the forum state for this diversity action.

## II.

We consider the fraud claim first. In Missouri, the limitations period applied to most common-law tort claims is found in the various subsections of Mo. Rev. Stat. § 516.120, which requires that a suit for fraud be brought within five years of the accrual of the cause of action, *see* Mo. Rev. Stat. § 516.120(5). A fraud claim is "deemed not to have accrued until the discovery by the aggrieved party," *id.*, and Missouri courts have held that "discovery" under this section ordinarily occurs when the plaintiff actually discovers "or in the exercise of due diligence, should have discovered the fraud," *Burr v. Nat'l Life and Accident Ins. Co.*, 667 S.W.2d 5, 7

(Mo. Ct. App. 1984). Nevertheless, if a fiduciary relationship existed between the plaintiff and the defendant, the cause of action does not accrue until the plaintiff's "*actual* discovery" of the fraud. *Community Title Co. v. U.S. Title Guar. Co.*, 965 S.W.2d 245, 252 (Mo. Ct. App. 1998) (emphasis in original). The district court held that this latter standard did not apply here because Mr. Farris owed no fiduciary duty to Mr. Rademeyer after the date that Mr. Farris bought out the minority shareholders. The court held, moreover, that because Mr. Rademeyer did not exercise due diligence to discover the alleged fraud, his claims were time barred. We disagree with the district court.

It seems self-evident to us that, for purposes of determining what standard of diligence to apply to plaintiffs asserting that a fiduciary has committed a fraud, the fiduciary relationship need only have existed at the time of the alleged fraud, and that the continued existence of the fiduciary relationship beyond that time is irrelevant. In fact, the Missouri Court of Appeals has explicitly held that "the required discovery depends upon and is determined by the relationship of the plaintiff and defendant prior to the commission of the fraud." *Vogel v. A.G. Edwards and Sons, Inc.*, 801 S.W.2d 746, 754 (Mo. Ct. App. 1990). The principle seems inherent in the purpose of the actual discovery standard: The law deems it reasonable for someone to place trust in a fiduciary, and so a person is not expected to be as vigilant with respect to fiduciaries as he or she might otherwise be. *See Vogel*, 801 S.W.2d at 754. Because a controlling shareholder owes a fiduciary duty to minority shareholders, *see Peterson v. Cont'l Boiler Works, Inc.*, 783 S.W.2d 896, 904 (Mo. 1990), we hold that Mr. Rademeyer's cause of action for fraud did not accrue until he obtained actual notice of the facts constituting the alleged fraud. *See Community Title,* 965 S.W.2d at 252.

Mr. Farris suggests that there was evidence that Mr. Rademeyer did in fact have actual notice of the facts that constitute the alleged fraud as early as 1994, but we disagree. He points first to the fact that John Brandvein, another minority

shareholder, told Mr. Rademeyer in 1994 that Mr. Farris had sold MRF, that "he didn't think he [Mr. Brandvein] had been treated fairly," and that he thought that he (Mr. Brandvein) had "a very good case." Mr. Farris also observes that Mr. Brandvein even "tried to enlist [Mr. Rademeyer] into joining into the suit with him at that stage." Mr. Farris maintains that, with a few additional questions, Mr. Rademeyer could have learned about documents revealing the alleged fraud. In other words, Mr. Farris asserts that Mr. Rademeyer was on inquiry notice that he had a cause of action.

We agree that Mr. Brandvein's attempt to recruit Mr. Rademeyer as a co-plaintiff, and Mr. Brandvein's statement that he thought that he had "a very good case," would put a person in Mr. Rademeyer's circumstances on inquiry notice; but inquiry notice is not relevant here. That is because, as we have already indicated, Missouri courts have held that a person who relies on a fiduciary " 'is under no duty to make inquiry,' " *Vogel*, 801 S.W.2d at 755 (quoting *Foster v. Petree*, 149 S.W.2d 851, 853 (Mo. 1941)), and has actual notice only "if he [or she] has sufficient facts to inform a reasonable person that a fraud has been committed," *Vogel*, 801 S.W.2d at 755.

Mr. Brandvein's statement that "he didn't think he had been treated fairly" could represent nothing more than seller's remorse, and his unsupported statement of opinion that he had "a very good case" was just that. Without something more, we believe, these facts are insufficient as a matter of law to inform a reasonable person that a fraud had actually been committed. As explained below, we believe that a reasonable person in Mr. Rademeyer's position would have ascertained the facts underlying Mr. Brandvein's opinions, but the law of Missouri imposes no such duty of inquiry in the case of a fraud committed by a fiduciary. We conclude on this record that Mr. Rademeyer's cause of action did not accrue until he learned that Mr. Farris already had a higher offer in hand from LaserSight when he bought out the minority shareholders. Since the present suit commenced within five years of that actual discovery, the statute of limitations does not bar the claim for fraud.

-4-

III.

We now pass to a consideration of Mr. Rademeyer's claim for breach of fiduciary duty. One might expect, as an original matter, that a claim for breach of fiduciary duty would be subject to the same standard of discovery, for limitations purposes, as a claim for fraud committed by a fiduciary, because a breach of fiduciary duty is a constructive fraud under Missouri law, *see Klemme v. Best*, 941 S.W.2d 493, 495 (Mo. 1997). But the Missouri courts have given the relevant limitations statutes a rather strict interpretation, and have held instead that a claim for breach of fiduciary duty accrues " 'when damage is sustained and capable of ascertainment,' " *Community Title*, 965 S.W.2d at 253 (quoting Mo. Rev. Stat. § 516.100). With respect to claims like the one under consideration here, therefore,"[m]ere ignorance on the part of a plaintiff does not toll the statute of limitations where reasonable diligence on his or her part would have revealed the injury or wrongful conduct," *O'Reilly v. Dock*, 929 S.W.2d 297, 301 (Mo. Ct. App. 1996) (interpreting § 516.100). As we indicated above, Mr. Rademeyer's failure to inquire further, following his conversation with Mr. Brandvein, demonstrated a lack of reasonable diligence on his part.

Mr. Rademeyer argues that there was considerable evidence that Mr. Farris tried to conceal his breach of fiduciary duty from him and that under Mo. Rev. Stat. § 516.280 the statute of limitations is therefore tolled. But attempts at fraudulent concealment are of course irrelevant, for tolling purposes, when a plaintiff with a claim for breach of fiduciary duty nonetheless should have known that he had suffered damage. *See M & D Enterprises, Inc. v. Wolff*, 923 S.W.2d 389, 400 (Mo. Ct. App. 1996); *see also Miller v. Guze*, 820 S.W.2d 576, 578 (Mo. Ct. App. 1991) (medical malpractice claim).

Applying an objective standard, we conclude that Mr. Rademeyer should have known that he had suffered damage after his conversation with Mr. Brandvein. If Mr. Rademeyer had exercised reasonable diligence in asking Mr. Brandvein why he

thought that he had a "good case" against Mr. Farris, the record is clear that he would have learned of the documents implicating Mr. Farris in a breach of fiduciary duty that caused Mr. Rademeyer damage. Because Mr. Farris's efforts to conceal his alleged breach of fiduciary duty did not prevent Mr. Rademeyer from discovering that he was damaged, § 516.280 did not toll the statute of limitations.

We must finally consider whether Mo. Rev. Stat. § 516.200, which tolls the statute of limitations when a resident leaves the state, saves Mr. Rademeyer's claim for breach of fiduciary duty, because Mr. Farris moved from Missouri to Florida after buying out the minority shareholders and selling MRF. The district court, relying on *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888 (1988), held that § 516.200 was unconstitutional because it was an impermissible burden on interstate commerce. *See Rademeyer*, 145 F. Supp. 2d at 1105-06. Both Mr. Rademeyer and the state of Missouri challenge this holding.

In *Bendix*, 486 U.S. at 889, 894, the Supreme Court held that an Ohio statute that tolled the statute of limitations indefinitely against non-resident defendants unless those defendants appointed an agent for service of process in the state created an unconstitutional burden on interstate commerce. Similarly, in *Bottineau Farmers Elevator v. Woodward-Clyde Consultants*, 963 F.2d 1064, 1074 (8th Cir. 1992), we held that a North Dakota tolling statute impermissibly burdened interstate commerce "because it forces a non-resident defendant to choose between being physically present in the state for the limitations period or forfeiting the statute of limitations defense." We concluded that the state's interest in aiding its residents' efforts to litigate against non-resident defendants did not justify denying non-residents the protections of the statute of limitations, particularly when long-arm service of process was available. *See id.*

In this case, Mr. Rademeyer could have used Missouri's long-arm statute, Mo. Rev. Stat. § 506.500, to bring a timely suit against Mr. Farris. The Missouri

Supreme Court has construed the tolling provisions of § 516.200 very broadly, applying the statute to all out-of-state defendants, even those subject to the state's long-arm jurisdiction. *Poling v. Moitra*, 717 S.W.2d 520, 522 (Mo. 1986). We are bound by the Missouri Supreme Court's interpretation of Missouri laws, *see Boner v. Eminence R-1 Sch. Dist.*, 55 F.3d 1339, 1341 (8th Cir. 1995), and based on that interpretation we hold that the district court correctly concluded that § 516.200 violates the commerce clause.

Accordingly, the statute of limitations is not tolled on Mr. Rademeyer's claim for breach of fiduciary duty, and the claim is time barred.

### III.

For the foregoing reasons, we affirm the order of the district court dismissing the claim for breach of fiduciary duty, but we reverse the order dismissing the fraud claim and remand for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.