STATE of Missouri ex rel. Raymond
BLOOMQUIST, D.O., Relator,

v.

The Honorable Nancy L. SCHNEIDER,
Respondent.

No. SC 88456.

Supreme Court of Missouri,
En Banc.

Jan. 15, 2008.

Rehearing Denied Feb. 19, 2008.

140

Phebe La Mar, John L. Roark, Columbia, MO, for Relator.

Samantha A. Harris, William P. Nacy, Samuel E. Trapp, Jefferson City, MO, for Respondent.

LAURA DENVIR STITH, Judge.

Leiloni Popoalii sued eleven health care providers, including Dr. Raymond Bloomquist, alleging that they negligently failed to diagnose and treat her for meningitis when she was in their care slightly more than two years earlier. The Honorable Nancy L. Schneider ("Respondent") dismissed all defendants except Dr. Bloomquist under section 516.105, RSMo 2000, the two-year statute of limitations for medical malpractice actions.[1] Respondent found the statute of limitations had been tolled as to Dr. Bloomquist under section 516.200 because he moved his residence out of Missouri during the limitations period.

The refusal to dismiss as to Dr. Bloomquist was clear error. Under the principles set out in *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.,* 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988), section 516.200's differential treatment of defendants who live outside Missouri but are otherwise subject to this state's long-arm jurisdiction under section 506.500 imposes an impermissible burden on interstate commerce in violation of the Commerce Clause of the United States Constitution. The cause of action against Dr. Bloomquist is time-barred, and the preliminary writ of prohibition is made absolute.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 31, 2006, Ms. Popoalii filed a petition in St. Charles County alleging that eleven health care providers, including Dr. Bloomquist, negligently failed to diagnose and treat her for meningitis when she was in their care between March 19 and July 2, 2004. The health care providers all moved to dismiss Ms. Popoalii's petition on the grounds that it was barred by the two-year medical malpractice statute of limitations set out in section 516.105.

On October 24, 2006, Ms. Popoalii filed her first amended petition. The amended petition added facts alleging that Dr. Blo-

1. Unless otherwise stated, all subsequent statutory references will be to RSMo 2000.

omquist changed his residence from Missouri to Kansas in approximately February 2006. Noting that section 516.200 tolls the statute of limitation as to a Missouri resident who moves out of the state during the statute of limitations period, she alleged that he was not entitled to dismissal.

Dr. Bloomquist asserted that the tolling statute is unconstitutional as applied to him because it violates the Commerce Clause of the United States Constitution, U.S. Const. art. I, sec. 8, as interpreted in *Bendix*, 486 U.S. at 894, 108 S.Ct. 2218, where, as here, he was subject to the court's long-arm jurisdiction following his move.

Respondent initially agreed that section 516.200 was unconstitutional as applied to Dr. Bloomquist, but later vacated her order, believing she was bound by this Court's *pre-Bendix* decision in *Poling v. Moitra*, 717 S.W.2d 520 (Mo. banc 1986), to hold that section 516.200 tolls the statute of limitations as to a defendant who changes his residence to another state during the limitations period. This Court subsequently issued its preliminary writ of prohibition.

## II. STANDARD OF REVIEW

 This Court has the authority to "issue and determine original remedial writs." Mo. Const. art. V, sec. 4.1. A writ of prohibition is appropriate if it is necessary to preserve "the orderly and economical administration of justice," *State ex rel. Noranda Aluminum, Inc. v. Rains*, 706 S.W.2d 861, 863 (Mo. banc 1986), or "to prevent usurpation of judicial power." Sec. 530.010. Prohibition can be an appropriate remedy where a trial court erroneously permits a claim that is barred by the statute of limitations to proceed to trial. *See State ex rel. BP Products North America, Inc. v. Ross*, 163 S.W.3d 922 (Mo. banc 2005) (issuing writ of prohibition to forbid proceeding on time-barred claims).

## III. SECTION 516.200 VIOLATES THE COMMERCE CLAUSE

 The single issue presented is whether section 516.200 can be constitutionally applied to Dr. Bloomquist. Section 516.200 states, in pertinent part:

If at any time when any cause of action herein specified accrues against any person who is a resident of this state, ... and if, *after such cause of action shall have accrued, such person depart from and reside out of this state*, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

Sec. 516.200. This portion of the statute on its face applies to only a limited class of persons—those who were residents of Missouri at the time the cause of action accrued but who changed their residence before the expiration of the statute of limitations. Because Dr. Bloomquist was a Missouri resident when this cause of action accrued but "depart[ed] from and reside[d] out of this state" before the limitations period ended, he comes within the tolling provision of the statute. In support, Respondent cites this Court's decision in *Poling*, holding that section 516.200 tolls the statute of limitations as to persons who become non-residents of Missouri during the limitation period. 717 S.W.2d at 522.

 *Poling* did not evaluate the constitutionality of section 516.200, and, thus, the constitutionality of the tolling provision has not yet been addressed by this Court. The Commerce Clause of the U.S. Constitution arrogates to the federal government exclusive authority to regulate interstate commerce. U.S. Const. art. I, sec. 8. With few exceptions, a legislature may not by statute impose an undue burden on

interstate commerce.[2] *See, e.g., Huron Portland Cement Co. v. City of Detroit, Mich.,* 362 U.S. 440, 443–44, 80 S.Ct. 813, 4 L.Ed.2d 852 (1960) (collecting cases invalidating state legislation because of undue burdens on interstate commerce). "Where a state denies ordinary legal defenses or like privileges to out-of-state persons or corporations engaged in commerce, the state law will be reviewed under the Commerce Clause to determine whether the denial is discriminatory on its face or an impermissible burden on commerce." *Bendix,* 486 U.S. at 893, 108 S.Ct. 2218. "Time and again th[e] Court[s] ha[ve] held that, in all but the narrowest circumstances, state laws violate the Commerce Clause if they mandate 'differential treatment of in-state and out-of-state . . . interests that benefits the former and burdens the latter.' . . . This rule is essential to the foundations of the Union." *Granholm v. Heald,* 544 U.S. 460, 472, 125 S.Ct. 1885, 161 L.Ed.2d 796 (2004) (internal citations omitted).

In *Bendix,* the Supreme Court held that an Ohio statute that tolled the statute of limitations indefinitely against non-resident defendants unless those defendants appointed an agent for service of process in the state created an unconstitutional burden on interstate commerce because it imposed a greater burden on out-of-state companies than it did on Ohio companies. 486 U.S. at 894, 108 S.Ct. 2218. The Eighth Circuit applied this holding to a North Dakota tolling provision that ex-

tended the statute of limitations against non-resident defendants, holding it similarly violated the Commerce Clause. *See Bottineau Farmers Elevator v. Woodward-Clyde Consultants,* 963 F.2d 1064, 1073–74 (8th Cir.1992).

As Respondent notes, unlike the statutes in *Bendix* and *Bottineau,* section 516.200 applies only to a subclass of non-resident defendants—those who became non-residents of Missouri after the statute of limitations began to run.[3] As the Eighth Circuit noted in *Rademeyer v. Farris,* 284 F.3d 833, 838–39 (8th Cir.2002), however, this distinction cannot save section 516.200 in the face of a Commerce Clause challenge. "[T]he state's interest in aiding its residents' efforts to litigate against non-resident defendants d[oes] not justify denying non-residents the protections of the statute of limitations, particularly when long-arm service of process was available." *Id.* at 839.

Respondent argues that, while this analysis might apply to a defendant engaged in interstate commerce, Dr. Bloomquist's treatment of Ms. Popoalii occurred in Missouri while both were Missouri residents and, therefore, did not implicate interstate commerce. The Supreme Court has long since rejected this cabined interpretation of interstate commerce. Section 516.200 tolled the statute of limitations based solely on the out-of-state residence of Dr. Bloomquist and thereby "impos[es] a greater burden on out-of-state [defendants] than it

---

2. Certain very limited exceptions to this doctrine are not germane here. *See Western & Southern Life Ins. v. State Board of California,* 451 U.S. 648, 652–53, 101 S.Ct. 2070, 68 L.Ed.2d 514 (1981) ("If Congress ordains that the States may freely regulate an aspect of interstate commerce, any action taken by a State within the scope of the congressional authorization is rendered invulnerable to Commerce Clause challenge"); *South–Central Timber v. Wunnicke,* 467 U.S. 82, 104 S.Ct.

2237, 81 L.Ed.2d 71 (1984) (detailing exception for states as market-participants).

3. Section 516.200 also provides that the statute of limitations is tolled against Missouri residents who are absent from the state at the time the cause of action accrues until such time as they return to the state. This case does not present facts relating to that portion of the statute.

does on [resident defendants]." *Bendix,* 486 U.S. at 894, 108 S.Ct. 2218. As so applied, it plainly discourages and burdens his ability to move from state to state, which falls afoul of the Commerce Clause.[4]

Respondent also notes that Dr. Bloomquist could have avoided being treated as a "non-resident" of Missouri had he appointed an agent for service of process in Missouri before he moved. Therefore, Respondent argues, the statute does not discriminate based on non-residence. The United States Supreme Court expressly rejected a nearly identical argument in *Bendix,* 486 U.S. at 895, 108 S.Ct. 2218. There, as here, the out-of-state defendant could have avoided the tolling provisions of the statute in question by appointing an agent for service of process. However, the designation of an agent for service of process would subject Dr. Bloomquist to the general jurisdiction of Missouri courts in all matters, "including those in which [Missouri] did not have the minimum contacts necessary for supporting personal jurisdiction." *Id.* at 893, 108 S.Ct. 2218. To require a person to defend all claims in Missouri courts in order to gain the protection of the statute of limitations "is an unreasonable burden on commerce." *Id.* at 895, 108 S.Ct. 2218.

Finally, Respondent argues that tolling is a reasonable restriction on interstate commerce because it is harder to locate and serve an out-of-state resident than it is one who is in Missouri. No showing was made that it was difficult to find Dr. Bloomquist here, and, in any event, one need not obtain service in order to toll the statute of limitations. It is tolled by the filing of suit. *See Ostermueller v. Potter,* 868 S.W.2d 110, 111 (Mo. banc 1993) (filing of action within limitations period tolls statute of limitation without regard to service). Ms. Popoalii could have filed suit (thereby tolling the statute) and then attempted to locate Dr. Bloomquist. At all times, Dr. Bloomquist remained fully amenable to suit under Missouri's long-arm statute, section 506.500, even after his change of residence.

Furthermore, section 516.200 does not take difficulty of service as its premise, for if it did, it would toll the statute of limitations for all out-of-state defendants not just those who move out of Missouri during the limitations period. In any event, *Bendix* expressly held that it imposes an unreasonable burden on interstate commerce to toll the statute of limitations as to non-residents who are subject to the state's long-arm jurisdiction, as Dr. Bloomquist was here. *Bendix,* 486 U.S. at 894, 108 S.Ct. 2218. The amenability to suit in Missouri provides sufficient protection to Missouri's citizens without imposing the burdens on interstate commerce that would accompany enforcement of the tolling provision.

▉ Respondents' final argument is that if the statute cannot be constitutionally applied to toll the statute of limitations against Missouri residents who move out of state, then this ruling should only have prospective effect and her suit against Dr. Bloomquist should be permitted to continue. The general rule is that unconstitutional statutes are void *ab initio.* As stated in *State ex rel. Miller v. O'Malley,* 342 Mo. 641, 117 S.W.2d 319, 324 (Mo. banc 1938), "An unconstitutional statute is no law and confers no rights. This is true

---

**4.** "Commerce among the states . . . consists of intercourse and traffic between their citizens, and includes the transportation of persons and property. There may be, therefore, a movement of persons as well as of property; that is, a person may move or be moved in interstate commerce." *Hoke v. United States,* 227 U.S. 308, 320, 33 S.Ct. 281, 57 L.Ed. 523 (1913).

from the date of its enactment, and not merely from the date of the decision so branding it." "Solely prospective application of a decision is the exception not the norm because it involves judicial enforcement of a statute after the statute has been found to violate the Constitution." *Trout v. State*, 231 S.W.3d 140, 148 (Mo. banc 2007). One may only "be excepted from such retroactive application of a decision, 'to the extent that [retroactive application] causes injustice to persons who have acted in good faith and reasonable reliance.'" *Id.*, *citing Sumners v. Sumners*, 701 S.W.2d 720, 722–23 (Mo. banc 1985).

 In this case, Ms. Popoalii cannot show that she reasonably relied upon the statute when she filed her petition. First, the validity of section 516.200 has been in serious question since the United States Supreme Court's 1988 decision in *Bendix*, 486 U.S. at 894, 108 S.Ct. 2218. The Eighth Circuit's decisions in *Bottineau*, 963 F.2d at 1073–74, and *Rademeyer*, 284 F.3d at 838–39, found Missouri's statute and a similar North Dakota statute invalid under *Bendix*. These latter cases were handed down at least two years before the conduct underlying Ms. Popoalii's petition, and more than four years before she initiated suit. Nor, indeed, as a factual matter, could she credibly claim she relied on the tolling provision in choosing not to sue Dr. Bloomquist within two years of her treatment, as she also failed to file suit against any other party during the statutory period even though she does not assert she had a basis to claim tolling as to anyone other than Dr. Bloomquist.

Under these circumstances, Ms. Popoalii is unable to show she reasonably relied on the constitutionality of the tolling statute and delayed filing suit against Dr. Bloomquist. Absent reasonable reliance, there is no basis to deviate from the general rule favoring retroactivity in constitutional decisions. *See also Bottineau*, 963 F.2d at 1074–75 (applying ruling that North Dakota tolling statute violates Commerce Clause retroactively because under federal law "full retroactivity is the normal rule in civil cases"). *Accord Bendix*, 486 U.S. at 895, 108 S.Ct. 2218 (refusing prospective-only application).

## IV. CONCLUSION

For the reasons set out above, this Court holds that the application of the tolling provision of section 516.200 to persons who move their residence out of Missouri during the pendency of the statute of limitations period is unconstitutional. To the extent that *Poling v. Moitra*, 717 S.W.2d 520 (Mo. banc 1986), is inconsistent with this opinion, it is overruled. Ms. Popoalii's claims against Dr. Bloomquist are time-barred. The preliminary writ of prohibition is made absolute.

All Concur.