[No. G037240. Fourth Dist., Div. Three. Feb. 29, 2008.]

HERITAGE MARKETING AND INSURANCE SERVICES, INC., et al., Plaintiffs and Appellants, v.
ANJANETTE CHRUSTAWKA et al., Defendants and Respondents.

COUNSEL

Rosenquest & Associates, Nils Rosenquest and Robert L. Wishner for Plaintiffs and Appellants.

Wu & Cheung, Mark H. Cheung and Charles C. H. Wu for Defendants and Respondents.

OPINION

**RYLAARSDAM, J.**—Defendants Bradley J. Chrustawka, Anjanette Chrustawka, nee Price (Price), and Katherine M. Matonic obtained summary adjudication of five causes of action on the grounds they were barred by the applicable statute of limitations and were not tolled by Code of Civil Procedure section 351 (section 351). Because those were the only causes of action alleged against the latter two, the trial court entered judgment in their favor, leaving the action pending against Chrustawka only. Plaintiffs appeal, contending section 351 tolled the various limitations periods and entry of judgment was improper. We disagree and affirm.

During the pendency of the appeal, we received notice that plaintiff Stanley Norman filed a chapter 7 bankruptcy petition. His appeal is severed and stayed.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs Stanley Norman and his son, Jeffrey Norman, own and run plaintiffs Heritage Marketing and Insurance Services, Inc., and Heritage Marketing and Insurance Services, a general partnership, both involved in the

business of providing living trust services (collectively Heritage). Defendant Chrustawka was Heritage's national managing director. Defendants Price and Matonic were employees of nonparties American Heritage Professional Services and American Heritage Trust Preparation Services (collectively American Heritage), also owned by the Normans.

In April 2000, Chrustawka, Price, and Matonic left their employment with Heritage and American Heritage. Shortly thereafter they moved to Texas and have lived there since. A few months after their move, they opened American Charter Professional Services and Guardian Document and Insurance Services, both of which allegedly competed with Heritage.

Four years later, the Normans and Heritage sued Chrustawka, Price, and Matonic, alleging six causes of action: (1) breach of contract; (2) conspiracy to defraud; (3) defamation; (4) tortious interference with economic advantage; (5) slander per se; and (6) violation of California's Uniform Trade Secrets Act (Civ. Code, § 3426 et seq.). The first cause of action was asserted solely against Chrustawka. The second through sixth causes of action were against all three defendants.

Defendants moved for summary adjudication on various grounds, including that the second through sixth causes of action were barred by enumerated statutes of limitations. Plaintiffs opposed the motion, asserting that section 351 tolled the limitation periods. Defendants responded that application of section 351 was unconstitutional under the commerce clause of the United States Constitution.

Before the hearing, the court issued a tentative ruling, denying the motion as to the first cause of action but granting summary adjudication of the second through sixth causes of action on the ground they were time-barred. Following oral argument, the court continued the hearing and invited supplemental briefing on section 351.

After receiving the supplemental briefs, the court issued another tentative ruling reiterating its conclusion the second through sixth causes of action were barred by the applicable statutes of limitations. The tentative read, "Plaintiff argues that the controversy between plaintiff and defendant does not involve interstate commerce[;] therefore the tolling provisions of CCP § 351 do not run afoul of the interstate commerce clause and are not rendered

unconstitutional. However, the essence of this case is that defendants, residents of Texas, are wrongfully competing with plaintiff, a California company. The court finds this competition between companies in different states constitutes interstate commerce, and treating the Texas residents differently by tolling the statute of limitations while located there is in contravention of the interstate commerce clause. Without tolling, the causes of action all are time[-]barred." (Italics omitted.) The court later entered judgment in favor of Price and Matonic.

## DISCUSSION

### 1. *Section 351*

Plaintiffs do not dispute that their second through sixth causes of action would be time-barred if section 351 were not applied to toll the statutes of limitations. Instead they contend there was a triable issue of fact regarding the constitutionality of section 351 in this case.

■ Section 351 extends the time in which to file suit if the defendant was outside California when the action accrued or leaves the state after it accrued. It reads, "If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action."

■ Where, as here, a state statute such as the statute of limitations denies a standard defense "to out-of-state persons or corporations engaged in commerce," it must "be reviewed under the Commerce Clause to determine whether the denial is discriminatory on its face or an impermissible burden on commerce." (*Bendix Autolite Corp. v. Midwesco Enterprises* (1988) 486 U.S. 888, 893 [100 L.Ed.2d 896, 108 S.Ct. 2218] (*Bendix*) [holding Ohio tolling statute similar to section 351 unnecessarily burdened interstate commerce because it barred foreign corporations from asserting statute of limitations defense unless it maintained a presence in Ohio, and served no weighty state interest since Ohio's long-arm statute permitted service on foreign corporations at any time].) As *Bendix* explained, "Although statute of limitations defenses are not a fundamental right, [citation] . . . they are an integral

part of the legal system and are relied upon to project the liabilities of persons and corporations active in the commercial sphere. The State may not withdraw such defenses on conditions repugnant to the Commerce Clause." (*Bendix, supra,* 486 U.S. at p. 893.)

■ Section 351 has been held to be an unreasonable burden on interstate commerce with regard to nonresidents who engage in such commerce within California. (*Abramson v. Brownstein* (9th Cir. 1990) 897 F.2d 389, 392.) *Abramson* involved a Massachusetts resident who had entered into an agreement with two California residents. Having filed an untimely suit for breach of contract and fraud, the California residents asserted section 351 tolled the applicable statutes of limitations. Following *Bendix, Abramson* concluded that applying the statute in that case would impermissibly burden interstate commerce because "[section 351] forces a nonresident individual engaged in interstate commerce to choose between being present in California for several years or forfeiture of the limitations defense, remaining subject to suit in California in perpetuity. [Citation.]" (*Abramson v. Brownstein, supra,* 897 F.2d at p. 392.)

■ The statute has also been held to "impermissibly burden[] interstate commerce with respect to [California] residents who travel in the course of interstate commerce." (*Filet Menu, Inc. v. Cheng* (1999) 71 Cal.App.4th 1276, 1283 [84 Cal.Rptr.2d 384] (*Filet Menu*).) As *Filet Menu* explained, section 351 violates the commerce clause to the extent it "imposes a special burden on residents who travel in the course of interstate commerce that is not shared by residents involved solely in 'local business and trade . . . .' [Citation.]" (*Filet Menu, supra,* 71 Cal.App.4th at pp. 1282–1283.)

*Filet Menu* limited its holding to "travel for the facilitation of interstate commerce," reasoning that "[r]esidents travel outside California for many reasons unrelated to the service of interstate commerce" and "tolling statutory periods for the duration of out-of-state travel unrelated to interstate commerce does not violate the commerce clause. [Citation.]" (*Filet Menu, supra,* 71 Cal.App.4th at p. 1283.) Because the complaint did not "describe the extent to which [the defendant's] absences from the state were in the course of interstate commerce," the court concluded it did "not establish that applying . . . section 351 in the circumstances of this case violates the commerce clause" and reversed the judgment entered following the sustaining of the defendants' demurrer without leave to amend. (*Id.* at p. 1284.)

The determinative question in this case, therefore, is whether the undisputed facts show defendants' conduct sufficiently made an impact on interstate commerce to invoke the commerce clause. During oral argument, plaintiffs conceded section 351 would not toll the statute of limitations on the fourth cause of action for tortious interference with economic advantage because it contains allegations implicating interstate commerce. But they dispute that result for the remaining causes of action where defendants are alleged to have left California after the claims accrued.

The parties disagree whether the tolling provisions of section 351 apply to former California residents such as defendants who move out of state. Plaintiffs contend section 351 tolls the statutes of limitations under these circumstances unless the move affects or facilitates interstate commerce. Defendants on the other hand argue the statute does not apply to California residents who permanently leave the state to reside elsewhere.

 California courts generally hold the tolling provisions apply to "nonresident defendants who have never entered the state *and to resident defendants who are temporarily absent from the state*. [Citations.]" (*Green v. Zissis* (1992) 5 Cal.App.4th 1219, 1223 [7 Cal.Rptr.2d 406], italics added; see also *Kohan v. Cohan* (1988) 204 Cal.App.3d 915, 921 [251 Cal.Rptr. 570] [§ 351 tolled statute of limitations as to " ' "those who have never resided in the state, as well as to citizens who may be temporarily absent" ' "]; *Cvecich v. Giardino* (1940) 37 Cal.App.2d 394, 399 [99 P.2d 573] [same]; *Schneider v. Schneider* (1947) 82 Cal.App.2d 860, 862–863 [187 P.2d 459] [§ 351 tolled statute of limitations for decedent's temporary absence from state for employer's business and while on honeymoon].) The italicized language raises the question of whether that means section 351 does *not* apply to resident defendants who are *permanently* absent from California, i.e., those who move out of state.

No California case has addressed this precise issue. *Pratali v. Gates* (1992) 4 Cal.App.4th 632 [5 Cal.Rptr.2d 733] involved a defendant who permanently moved to Idaho after judgment was entered against him on a promissory note, and the court's commerce clause analysis concentrated on whether the defendant was a commercial entity engaged in commerce when he signed the note. Although the court acknowledged the loan was made in Nevada and payable in California, it found "no evidence [the plaintiff] was in the business of making loans or was otherwise engaged in commerce." (4 Cal.App.4th at p. 643.) Nor did it find evidence to support the defendant's claim "the loan proceeds were used in a commercial venture in another state . . . ." (*Ibid.*) The court concluded section 351 did not violate the commerce clause "when applied to a noncommercial defendant not engaged in interstate commerce. [Citations.]" (4 Cal.App.4th at p. 643.)

*Tesar v. Hallas* (N.D. Ohio 1990) 738 F.Supp. 240 (*Tesar*) similarly involved a defendant who moved from Ohio to Pennsylvania, where he had found a new job. Noting that "interstate commerce is affected when persons move between states in the course of or in search for employment," *Tesar* concluded that applying the Ohio tolling statute would violate the commerce clause because the statute unreasonably burdened the flow of persons between states for employment purposes. (738 F.Supp. at p. 242.) It held that there was no justification in forcing people to choose between an out-of-state job and the protections of statutes of limitations when Ohio's long-arm statute provided jurisdiction over all those alleged to have engaged in a wrongful activity in the state. (*Ibid.*)

Plaintiffs assert that defendants' move to Texas was "not necessarily for the purpose of opening up new companies" as opposed to simply wanting to live there. They cite the facts "the companies were opened some time after the move" (bold omitted); Chrustawka had a daughter from a previous marriage who lived there; Price was in a "relationship with Chrustawka and moved to Texas to live with him"; Matonic had family in Texas; and one of Chrustawka's companies ceased to do business in 2001 or 2002 but defendants remained in Texas. Plaintiffs thus claim there is a triable issue of fact as to the reason defendants moved to Texas.

■ But plaintiffs have not cited, nor have we found, any cases holding that interstate commerce is *not* affected when persons simply move out of state, as opposed to doing so for the purpose of taking or seeking new employment. *Tesar* never addressed the issue and "cases are not authority for propositions not considered therein. [Citations.]" (*Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 372 [20 Cal.Rptr.2d 330, 853 P.2d 496].)

In *State ex rel. Bloomquist v. Schneider* (Mo., Jan. 15, 2008, SC88456) 244 S.W.3d 139 [2008 WL 133924] (*Bloomquist*), the Missouri Supreme Court held that applying a tolling statute against the defendants who left Missouri after the cause of action accrued but before the statute of limitations expired unconstitutionally burdened interstate commerce. (2008 WL 133924 at p. *5.) There is no indication this was based on a finding the move was for purposes of new employment.

■ In holding the statute unconstitutional, *Bloomquist* reasoned, "[w]ith few exceptions, a legislature may not by statute impose an undue burden on interstate commerce. [Citation.] 'Where a state denies ordinary legal defenses or like privileges to out-of-state persons or corporations engaged in commerce, the state law will be reviewed under the Commerce Clause to determine whether the denial is discriminatory on its face or an impermissible burden on commerce.' [Citation.] 'Time and again th[e] Court[s] ha[ve] held

that, in all but the narrowest circumstances, state laws violate the Commerce Clause if they mandate "differential treatment of in-state and out-of-state . . . interests that benefits the former and burdens the latter." . . . This rule is essential to the foundations of the Union.' [Citation.]" (*Bloomquist, supra,* 2008 WL 133924 at p. *2, fn. omitted.)

*Bloomquist* relied on the *Bendix* holding that a statute that tolled the statute of limitations indefinitely against nonresidents unless they designated an agent for service of process was an undue burden on interstate commerce because a heavier burden was imposed on out-of-state companies than on in-state companies. It cited *Bottineau Farmers Elevator v. Woodward-Clyde* (8th Cir. 1992) 963 F.2d 1064, 1073–1074, which applied *Bendix* to a North Dakota tolling provision that extended the limitations period against nonresidents, concluding that it impermissibly burdened interstate commerce "because it forces a non-resident defendant to choose between being physically present in the state for the limitations period or forfeiting the statute of limitations defense." (*Bottineau Farmers Elevator v. Woodward-Clyde, supra,* 963 F.2d at p. 1074.)

Although the tolling statute in *Bloomquist* applied only to the defendants who terminated residence in Missouri after the statute of limitations had accrued, the court determined the statute could not withstand a commerce clause challenge. " '[T]he state's interest in aiding its residents' efforts to litigate against non-resident defendants d[oes] not justify denying non-residents the protections of the statute of limitations, particularly when long-arm service of process was available.' [Citation.]" (*Bloomquist, supra,* 2008 WL 133924 at p. *3, quoting *Rademeyer v. Farris* (8th Cir. 2002) 284 F.3d 833, 838–839 [holding Missouri tolling statute unconstitutional under commerce clause where resident defendant moved out of state].) Because the statute "plainly discourages and burdens [the defendant's] ability to move from state to state," *Bloomquist* concluded the tolling statute "falls afoul of the Commerce Clause." (*Bloomquist, supra,* 2008 WL 133924 at p. *3, fn. omitted; see also *Noonan v. Rogers* (1994) 97 Ohio App.3d 621, 623 [647 N.E.2d 221] [tolling statute cannot be constitutionally applied to a defendant who lived out of state for a year, absent showing she left state to avoid service of process].)

We find *Bloomquist* persuasive and adopt its reasoning. Section 351 penalizes people who move out of state by imposing a longer statute of limitations on them than on those who remain in the state. The commerce clause protects persons from such restraints on their movements across state lines. (See *Service Mach. & Shipbuilding Corp. v. Edwards* (5th Cir. 1980) 617 F.2d 70, 73, affd. *sub nom. Edwards v. Service Machine & Shipbuilding Corp.* (1980) 449 U.S. 913 [66 L.Ed.2d 142, 101 S.Ct. 310], citing *Edwards v.*

*California* (1941) 314 U.S. 160, 172 [86 L.Ed. 119, 62 S.Ct. 164].) By creating disincentives to travel across state lines and imposing costs on those who wish to do so, the statute prevents or limits the exercise of the right to freedom of movement. Applying section 351 under the facts of this case would impose an impermissible burden on interstate commerce as it would force defendants to choose between remaining residents of California until the limitations periods expired or moving out of state and forfeiting the limitations defense, thus "remaining subject to suit in California in perpetuity." (*Abramson v. Brownstein, supra,* 897 F.2d at p. 392.)

Given our conclusion, we reject plaintiffs' assertion interstate commerce was not involved because they had no minimum contacts with Texas, the torts forming the basis for their causes of action involved only intrastate activity, and the parties were not engaged in a common enterprise. We also need not address defendants' alternative grounds for affirming the judgment. Because section 351's tolling provisions may not be applied here without violating the commerce clause, the second through sixth causes of action are barred by the applicable statutes of limitations.

## 2. *Entry of Judgment*

Plaintiffs contend the trial court improperly entered judgment for defendants Price and Matonic because the notice of motion requested only summary adjudication of issues and not summary judgment. The argument lacks merit.

■ "[T]he trial court, in its discretion, may enter judgment in favor of one or more defendants when all issues between those defendants and the plaintiff have been adjudicated, even though the action remains pending against those defendants who have not obtained adjudication of all issues." (*Oakland Raiders v. National Football League* (2001) 93 Cal.App.4th 572, 578 [113 Cal.Rptr.2d 255]; see also Code Civ. Proc., §§ 578, 579.) Here, the grant of summary adjudication resolved all issues alleged in the complaint between plaintiffs and defendants Price and Matonic. Therefore, the court had the discretion to render judgment in their favor.

It is irrelevant whether, as plaintiffs assert, there were potential claims not included in the complaint. The pleadings frame the issues on a motion for summary adjudication and a party cannot successfully resist such a motion based on allegations that are not contained in the complaint. (*Trop v. Sony Pictures Entertainment, Inc.* (2005) 129 Cal.App.4th 1133, 1137, fn. 1 [29 Cal.Rptr.3d 144]; *580 Folsom Associates v. Prometheus Development Co.* (1990) 223 Cal.App.3d 1, 18 [272 Cal.Rptr. 227].)

## DISPOSITION

The judgment is affirmed except as to plaintiff Stanley Norman. His appeal is stayed. Respondents shall recover their costs on appeal against plaintiffs Jeffrey Norman, Heritage Marketing and Insurance Services, Inc., and Heritage Marketing and Insurance Services.

Sills, P. J., and Ikola, J., concurred.