Filed 2/6/24  Metoyer v. County of Los Angeles CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| ERIN METOYER,<br><br>　　　Plaintiff and Appellant,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>　　　Defendants and Respondents. | B320785<br><br>Los Angeles County<br>Super. Ct. No. 20STCV05424 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Serena R. Murillo, Judge.  Affirmed.

McElroy Parris, Stephen McElroy; Law Offices of Richard R. Bredlau, Richard R. Bredlau; The Ehrlich Law Firm and Jeffrey I. Ehrlich for Plaintiff and Appellant.

Hurrell Cantrall, Thomas C. Hurrell and Melinda Cantrall for Defendants and Respondents.

————————————

This case arises from a collision between plaintiff Erin Metoyer, who was driving his motorcycle at nearly 100 miles per hour in an illegal street race on 230th Street, and one of three Los Angeles Sheriff's Department (LASD) patrol cars driving from the opposite direction in a staggered formation. The trial court granted summary judgment in favor of the three LASD deputies driving the patrol cars, on the grounds that they were immune from liability under Government Code section 820.2[1] and Vehicle Code section 17004. The court found vicarious immunity for the County of Los Angeles under section 815.2.[2]

Metoyer appeals from the judgment in favor of defendants, contending the trial court erred in finding immunity. We may affirm the trial court's grant of summary judgment on any ground supported by the record. The parties agree that appellant's act of street racing is a hazardous recreational activity within the meaning of section 831.7, and we do as well. Appellant contends there is a triable issue of fact concerning whether the gross negligence exception to that section applies, while respondents contend appellant has forfeited this claim by failing to plead gross negligence with sufficient particularity. We agree with respondents and so affirm the judgment.

---

[1] Further undesignated statutory references are to the Government Code.

[2] Section 815.2, subdivision (b) provides: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." (§ 815.2, subd. (b).)

## BACKGROUND

On the night of May 4, 2019, LASD's Carson station received a report of street racing around 230th Street in the City of Carson. This was not a novel event. Deputies were dispatched to the area every weekend. The section of 230th Street between Banning Boulevard and Utility Way was an industrial area known for street racing.

That night, LASD Deputies Dillon Reyes, Christopher Yockey and Everaldo Brito responded to the street racing call, each in his own patrol car. Deputy Yockey described the call as a routine, non-emergency call. Deputy Yockey estimated that he had been called to the area weekly during the 18 months he had been at the station. The same was true for Deputy Reyes.

According to Deputy Brito, the Department's instructions were to get them to disperse, "not to chase them, not to apprehend, just pretty much disperse." According to Deputy Yockey, the protocol was to safely direct everyone out of the area.

According to Deputy Reyes, the three met on Utility Way near 230th Street to plan how to disperse the street racing group. Deputy Brito testified that the three deputies did not stop, and their only plan was to "get there, see what [we] have." As described by Deputy Reyes, the plan was to have all vehicles turn west onto 230th Street and drive west in order to disperse the group toward Banning Boulevard, due to construction on Wilmington Avenue, which was to the east.

The deputies drove in a convoy down Utility Way to 230th Street, with Reyes in the lead, followed by Yockey, followed by Brito. The deputies turned right onto 230th Street in a staggered formation, with Deputy Reyes driving west in the east bound land, Deputy Yockey roughly even with Reyes but in the

3

westbound lane.  Deputy Brito was in the rear, straddling the centerline between the eastbound and westbound lanes.  None of the patrol cars had their overhead lights on.  Deputy Brito did not have his headlights on, only his parking lights.  Deputy Yockey believed he had his headlights on.

On May 4, 2019, the street races on 230th Street began at Banning Boulevard and went to Utility Way.  This was a distance of about a quarter mile.  Seconds before the deputies turned onto 230th Street, appellant began his race against another motorcyclist.  Thus, as appellant began racing, he was driving towards the deputies, or viewed differently, as the deputies turned onto 230th Street they were driving toward the racers.

Analysis of surveillance video, other video and vehicle data by appellant's expert shows the patrol cars were accelerating and were travelling over 40 miles per hour when the collision occurred.  Specifically, Deputy Brito's vehicle was travelling at about 61 miles per hour one second before the collision.  He then braked, reducing the speed to about 48 miles per hour at the moment of collision.

Appellant testified that he did not see the LASD vehicles until halfway through his race when they turned on their overhead lights.  He estimated that he was 20 to 50 feet from the vehicles when the lights appeared.  Appellant testified that he swerved and avoided a collision with the vehicle driven by Deputy Reyes, and swerved again to avoid the vehicle driven by Deputy Yockey.  Appellant lost control of his motorcycle and collided with the rear vehicle driven by Deputy Brito.

It is essentially undisputed that appellant was travelling at about 100 miles per hour at the time of the collision and was severely injured by it.

4

# DISCUSSION

"A motion for summary judgment shall be granted when 'all the papers submitted show there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law.' " (*F & H Construction v. ITT Hartford Ins. Co.* (2004) 118 Cal.App.4th 364, 370.) More specifically, when the moving party is the defendant, the court determines whether defendant has produced evidence showing one or more elements of the plaintiff's cause of action cannot be established or there is a complete defense to that cause of action. If so, the burden shifts to the plaintiff to show the existence of a triable issue of material fact as to that cause of action or defense. (*Hamburg v. Wal-Mart Stores, Inc.* (2004) 116 Cal.App.4th 497, 503.)

"We review the trial court's summary judgment rulings de novo, viewing the evidence in a light favorable to the plaintiff as the losing party, liberally construing the plaintiff's evidentiary submission while strictly scrutinizing the defendant's own showing, and resolving any evidentiary doubts or ambiguities in the plaintiff's favor." (*Weber v. John Crane, Inc.* (2006) 143 Cal.App.4th 1433, 1438.)

We are "not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not the rationale." (*Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 951.) We may affirm the trial court's ruling on any ground supported by the record. (*Jimenez v. County of Los Angeles* (2005) 130 Cal.App.4th 133, 140.)

Respondents moved for summary judgment on the ground that the deputies were immune under section 831.7, which applies to hazardous recreational activities.  The trial court did not rule on this ground, but respondents contend we should affirm the trial court on this alternate ground.  We agree.

Section 831.7 provides: "Neither a public entity nor a public employee is liable to any person who participates in a hazardous recreational activity."  (§ 831.7, subd. (a).)  Subdivision (b)(3) specifically provides that "motorized vehicle racing" is a hazardous recreational activity.  (*Id.*, subd. (b)(3).)  The parties agree that section 831.7 applies to appellant's motorcycle racing.

In opposing summary judgment, appellant relied on subdivision (c)(1)(E) of section 831.7 which provides an exception to immunity for "[a]n act of gross negligence by a public entity or a public employee that is the proximate cause of the injury."  (§ 831.7, subd. (c)(1)(E).)  To support this exception, appellant offered an expert opinion that specifically described conduct of the deputies was "so far below the established basic professional standards that [it] can only be viewed as deliberately reckless and dangerous."  Respondents objected, in part, that the declaration was irrelevant and immaterial.  The trial court overruled all of respondents' objections to the expert's declaration without elaboration.

In their reply to the opposition, respondents stated "it should be noted Plaintiff did not plead 'gross negligence' in his Complaint, and thus should be prohibited to even raise such a claim in his opposition to Defendants' motion for summary judgment."

In his opening brief on appeal appellant correctly points out that gross negligence need not be pleaded as a separate cause of action. (See *City of Santa Barbara v. Superior Court* (2007) 41 Cal.4th 747, 780–781 & fn. 58 [declining to recognize a separate cause of action for gross negligence]; *Rosencrans v. Dover Images, Ltd.* (2011) 192 Cal.App.4th 1072, 1088 ["gross negligence is not an independent cause of action that should have been separately pled by plaintiffs"].) Appellant acknowledges only implicitly that it must, however, be pled with particularity.

It is well established that a defendant's motion for summary judgment is framed by the pleadings. (*Amezcua v. Los Angeles Harley-Davidson, Inc.* (2011) 200 Cal.App.4th 217, 233.) When a plaintiff brings a tort cause of action against a governmental entity, he or she is required to plead that cause of action with particularity. (*City of Los Angeles v. Superior Court* (2021) 62 Cal.App.5th 129, 138 [all such causes of action are statutory, and the general rule is that statutory causes of action must be pled with particularity]; see *Gates v. Superior Court* (1995) 32 Cal.App.4th 481, 494 [particularity rule applies to claims against public employees].) Further, the plaintiff must plead facts sufficient to show his cause of action falls outside any applicable statutory immunity. (*Carr v. City of Newport Beach* (2023) 94 Cal.App.5th 1199, 1206–1207 (*Carr*); *City of Los Angeles,* at p. 148; *Nealy v. City of Orange* (2020) 54 Cal.App.5th 594, 602; *Soliz v. Williams* (1999) 74 Cal.App.4th 577, 585.)

Here paragraph 1 of the operative complaint alleges only that the collision was "due to the negligent and aggressive tactics employed by all of the involved Deputies." Paragraph 2 alleges "All patrol vehicles involved were operated negligently by Deputy Sheriff personnel and in violation of policy, training, and police

practices and procedures." Paragraph 3 alleges "Plaintiff brings this action to recover damages caused by the negligent, wanton, willful, and/or malicious acts" of the deputies. These are legal conclusions. There are no factual details about the driving and so no way to discern what the deputies did wrong. As noted in *Carr*, "[M]ost of the facts on which plaintiff relies were not pled in the complaint." (*Carr*, *supra*, 94 Cal.App.5th at pp. 1206–1207.) Gross negligence was not pled even within the negligence cause of action.

Because a motion for summary judgment is framed by the pleadings, "a party cannot successfully resist such a motion based on allegations that are not contained in the complaint." (*Heritage Marketing & Ins. Services, Inc. v. Chrustawka* (2008) 160 Cal.App.4th 754, 764.) Where a plaintiff opposing a summary judgment motion fails to request permission to amend his claims, he has forfeited any right to amend and cannot rely on matters outside the pleadings to oppose the motion. (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493 (*Hutton*).) Generally, a plaintiff's opposition, separate statement and declarations in response to a summary judgment motion are not a substitute for an amendment to the pleadings. (*Ibid*.)

Appellant contends there is an exception to the general rule, found in *FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367 (*FPI Development*). In that case, the Court of Appeal found that although the defendant opposing summary judgment had not pled certain affirmative defenses with the required particularity, the court would consider the factual allegations in the defendant's declarations and evidence to determine if the plaintiff had adequate notice of the defense. (*Id*. at pp. 384–385.) That case, however, does not assist

8

appellant because it is based on the moving party's failure to raise the pleading issue in the trial court. That is not the case here.

In *FPI Development*, the Court of Appeal noted that plaintiff had not objected to the defendant's evidence in support of the defenses as immaterial. (*FPI Development*, *supra*, 231 Cal.App.3d. at pp. 384–385 [noting that plaintiff had not demurred on this ground, but finding it not determinative].) Here, respondents did object that the expert's declaration concerning negligence was immaterial (and irrelevant).[3] More importantly, respondents did openly contend that appellant had failed to plead gross negligence; this was not true of the moving party in *FPI Development*. (*Id*. at p. 385 [noting that plaintiffs had not "openly challenged the adequacy of defendants' pleading in the trial court"].)

Appellant does not offer any explanation for his failure to request leave to amend his complaint. Absent unusual circumstances not present here, an expert's declaration is not a substitute for an amendment to the pleadings. (See *Hutton*, *supra*, 213 Cal.App.4th at p. 493.)

---

[3] As we have noted, the trial court overruled all of respondents' objections to appellant's expert's declaration on the issue of negligence. This declaration had some bearing on other issues in the motion, and we cannot view the court's bare evidentiary ruling as finding that gross negligence had been adequately pled.

## DISPOSITION

The judgment is affirmed.  Appellant to pay costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


GRIMES, J.


WILEY, J.